

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable J. M. Kidd, Jr.
County Attorney
Kleberg County
Kingsville, Texas

Dear Sir:

Opinion No. 0-3874
Re: Is the city clerk in an
incorporated town with a
population of more than
2500 inhabitants entitled
to 50¢ for each birth and
death certificate filed
with the county clerk?

Your request for an opinion of this department upon the above stated question has been received.

We quote from your letter of August 14, 1941, as follows:

"This will acknowledge receipt of your letter of August 7, enclosing an opinion of your office on the question of liability of Hutchinson County for fees to a city clerk. This opinion shows that it was rendered in June 1940, and would not apply to the situation which we have, and which I quoted to you in my letter of July 29 of this year; the reason being that this last session of the Legislature amended Article 4477, and required that the city secretary in an incorporated town furnish a copy of all birth and death certificates to the county clerk. The city clerk of the city of Kingsville is now furnishing to the county clerk a copy of all birth and death certificates and rendering a bill for fifty cents per copy. Under Section 20 or rule 53a of Article 4477 as amended it would appear that the law requires the city clerk to file

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

this copy with the county clerk without any compensation where the city clerk is paid a salary by the City Commission. Our question is whether or not the city clerk in an incorporated town with a population of more than 2500 is entitled to fifty cents for each birth and death certificate filed with the county clerk. Our contention is that she is not entitled to such sum. The opinion which you sent me was the opinion under the old law and would not govern the present question.

"* * *."

Your letter of July 29, 1941, which was referred to in your letter of August 14, 1941, reads, in part, as follows:

"The Legislature recently amended Article 4477, R. C. S. 1936, Section 20 or Rule 53a, which recites:

"'That each Local Registrar shall be paid the sum of Fifty (50) cents for each birth and death certificate properly and completely made out and registered with him, and correctly recorded and promptly returned by him to the State Bureau of Vital Statistics, as required by this Act, unless such Local Registrar shall be acting as Registrar of Births and Deaths in an incorporated city where the compensation of the Registrar is otherwise fixed by city ordinance.

"'The State Registrar shall annually certify to the County Commissioners Court or County Auditor, as the case may be, the number of birth and death certificates filed by each Local Registrar at the rate fixed herein, and provided that the State Registrar may render such statements monthly or quarterly, at the discretion of the State Board of Health, and the Commissioners Court or County Auditor, as the case may be, shall audit such statement and the County Treasurer shall pay such fees as are approved by the Commissioners Court or the County Auditor, at the time such statement is issued.'

"The question has arisen here in my county as to whether or not the city clerk or Local Registrar is entitled to fifty cents for each copy filed with the county clerk. This Local Registrar, or city clerk, is employed by the City of Kingsville, which is an incorporated town. I have advised the Commissioners Court that under the terms of this Act where it provides 'unless such Local Registrar shall be acting as Registrar of Births and Deaths in an incorporated city where the compensation of the Registrar is otherwise fixed by city ordinance' that this provision would control, and the city clerk or Local Registrar would not be entitled to charge the county of Kleberg fifty cents for filing a copy with the county clerk. Would you please advise this office as to whether or not such ruling is correct, and if same is not, would your office please give me the correct opinion on same?"

The language used in paragraphs one and two of House Bill No. 821, Acts of the 47th Legislature, amending Section 20 of Senate Bill No. 40, Acts of the 40th Legislature, First Called Session, as amended by Senate Bill No. 20, Acts of the 41st Legislature, First Called Session, is identical with the language contained in the first two paragraphs of Rule 53a, Article 4477, Vernon's Annotated Civil Statutes. Section 1 of House Bill No. 821, supra, amending Section 3 of Senate Bill No. 46, Acts of the 40th Legislature, First Called Session, as amended by Senate Bill No. 20, Acts of the 41st Legislature, First Called Session, is substantially the same language as used in Rule 36a, Article 4477, Vernon's Annotated Civil Statutes. Except, it is specifically provided in the above mentioned amendment "it is hereby declared to be the duty of the justice of the peace and the justice of the precinct, and the city clerk or city secretary in the city of two thousand five hundred (2500) or more population, to secure a complete record of each birth and death that occurs within their respective jurisdiction, and have same recorded in the county clerk's office in their respective counties on or before the 10th of the following month * * *."

This department has heretofore ruled on the identical question presented in your inquiry in our Opinion No. O-2308. Rules 36a and 53a of Article 4477, Vernon's Annotated Civil Statutes were construed in that opinion. We do not think that the

facts stated in your inquiry are different from the facts which were under consideration in the above mentioned opinion.

The facts submitted in your inquiry indicate that the city clerk is serving as registrar of Vital Statistics and receives a fixed salary. This salary is presumably compensation for the performance of the duties and obligations of the office of city clerk. There is no mention of compensation in the form of salary or fees to him for the performance of the duties and obligations of a registrar of Vital Statistics. Therefore, the city clerk is not within the exception to the law that each registrar shall receive fifty cents for each birth and death registration.

The exception reads:

"Unless this local registrar shall be acting as registrar of births and deaths in an incorporated city where the compensation of the registrar is otherwise fixed by city ordinance."

The city clerk in the situation under consideration is a local registrar. His compensation as registrar is not "otherwise fixed" by city ordinance within the meaning of the statute since it is determined without reference to his duties or obligations to registering births and deaths. If it was fixed with reference to said duties and obligations, then it would bring the city clerk within the exception above mentioned. We think the reference should be specific since the duties and obligations of the city clerk are separate and distinct ordinarily from those of the local registrar, although not necessarily incompatible and conflicting. Furthermore, the statute is explicit on the point that each local registrar shall be paid the sum of fifty cents for each birth and death certificate properly and completely made out and registered with him, and correctly recorded and promptly returned by him to the State Bureau of Vital Statistics, unless he comes within the exception quoted above.

It appears to have been the intention of the Legislature that the local registrar receives specific compensation for the performance of his Vital Statistics duties whether he be justice of the peace or a city clerk. In the case of the city clerk, the Legislature provided that in incorporated cities containing a population of over twenty-five hundred (2500) inhabitants, according to the last United States Census report, the city might

give him such compensation as the registrar. Otherwise, the city clerk was to receive the statutory fifty cents fee from the county. Considering the language, subject matter and the obvious legislative intent, this is a fair and reasonable construction.

It is our opinion that a city clerk also serving as registrar of Vital Statistics in an incorporated city having a population of more than twenty-five hundred (2500) inhabitants, which does not have an ordinance providing a salary or fees for his duties as registrar, but whose salary is fixed in the minutes of the city commission or city council, as the case may be, without reference to his duties or obligations to register births and deaths, is entitled to receive from the county the regular fee as provided by law under House Bill No. 821, Acts of the 47th Legislature, supra, if said city clerk is serving as registrar of Vital Statistics performs all the duties and requirements imposed upon a local registrar by law.

Under House Bill No. 821, supra, it is provided "that each local registrar shall be paid the sum of fifty (50) cents for each birth and death certificate properly and completely made out and registered with him, and correctly recorded and promptly returned by him to the State Bureau of Vital Statistics, as required by this Act, unless this local registrar shall be acting as a registrar of births and deaths in an incorporated city where the compensation of the registrar is otherwise fixed by city ordinance."

You have stated in your letter, that you have a copy of our Opinion No. O-2308, in view of this fact, we do not deem it necessary to enclose a copy of the same herewith.

Trusting that the foregoing fully answers your inquiry, we are

APPROVED AUG 26, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Ardell Williams

Ardell Williams
Assistant

AW:RS



APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN